NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RYAN LYNN CLARK, *Appellant.*

No. 1 CA-CR 23-0009
FILED 1-4-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202200072
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Jill L. Evans, Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Michael J. Brown and Judge Andrew M. Jacobs joined.

---

**G A S S**, Chief Judge:

**¶1**        Ryan Lynn Clark filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Clark's counsel searched the record and identified no arguable, non-frivolous question of law. Counsel then asked this court to review the record for fundamental error. This court gave Clark an opportunity to file a supplemental brief *in propria persona*. He has not. After a thorough review of the record, we affirm Clark's conviction and sentence.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**        This court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Clark. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

**¶3**        On January 2, 2022, a witness found a woman shot to death by the side of a road in Bullhead City. The shell casings and bullets at the scene were Nosler brand 9-millimeter Luger hollow point ammunition.

**¶4**        The victim had been in a dating relationship with Clark since October 2021. On January 1, 2022, the Medford, Oregon jail released the victim after Clark posted her bond. Clark and the victim then drove from Medford, Oregon to Bullhead City, stopping along the way at a consumer electronics store in Bakersfield, California. At 2:15 a.m. on January 2, a video from a Bullhead City fire station showed a vehicle similar to Clark's rental car driving near where a witness found the victim's body.

**¶5**        On January 6, police conducted a traffic stop and took Clark into custody. Police officers searched Clark's car and hotel room and found a semi-automatic handgun and Nosler ammunition matching the shell casings and bullets found at the crime scene. Nosler ammunition is rarely used with semi-automatic handguns like the one found in the hotel room. Nosler manufactures its ammunition in Bend, Oregon. And Nosler only sells its ammunition in that region. Clark's statements in interactions with police and during his arraignment show he initially did not understand the

nature of the charges against him. The record, however, suggests drug use may have caused his early apparent confusion, and nothing later in the record raises any concerns about Clark's competence.

**¶6**      The State charged Clark with, and a jury convicted him of, first-degree murder. *See* A.R.S. §§ 13-1105.A.1, -1101. The superior court sentenced Clark to the mandatory sentence of natural life and gave him a 334-day presentence incarceration credit. *See* A.R.S. §§ 13-701, -702, -751, -752, -801.

**¶7**      This court has jurisdiction over Clark's timely appeal under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and 13-4033.A.1.

## ANALYSIS

**¶8**      This court has read and considered counsel's brief and thoroughly reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300; *State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011).

**¶9**      The superior court conducted all the proceedings in compliance with the Arizona Rules of Criminal Procedure. Clark was present for, and represented by counsel at, all critical stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The jury was properly comprised of twelve jurors and two alternates. *See* A.R.S. §§ 21-102.A. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Clark's presumed innocence. Additionally, the superior court gave Clark the opportunity to speak at sentencing and imposed the statutorily mandated sentence. *See* Ariz. R. Crim. P. 26.9, 26.10(c)(1); A.R.S. § 13-752.A.

## CONCLUSION

**¶10**      Because the record shows no fundamental error, we affirm Clark's conviction and sentence.

**¶11**      Defense counsel's obligation to represent Clark in this appeal has ended. Defense counsel need do no more than inform Clark of the outcome of this appeal and his future options, unless, upon review, defense counsel finds an issue appropriate for submission to our supreme court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶12**  Clark has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. This court, on its own motion, also grants Clark 30 days from the date of this decision to file an *in propria persona* motion for reconsideration. *See* Ariz. R. Crim. P. 31.20.



AMY M. WOOD • Clerk of the Court
FILED: AA